**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIELLE GONZALZLES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23 C 13838** |
| | ) | |
| **FERRARA CANDY CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

MATTHEW F. KENNELLY, District Judge:

Danielle Gonzalzles has sued her former employer Ferrara Candy Co., alleging that she was discriminated against while working there and that she was terminated for discriminatory and retaliatory reasons. Ferrara has filed what it calls a "partial motion to dismiss" Ms. Gonzalzles's complaint for failure to state a claim. For the reasons stated below, Ferrara's partial motion to dismiss is denied.

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the plaintiff's complaint must contain factual allegations sufficient to show a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require "detailed factual allegations." *Twombly*, 550 U.S. at 555. However, a court is not required to accept as true statements of law or unsupported conclusory factual

allegations.  *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021).  At this stage, a court accepts as true the facts alleged in the complaint and construes the complaint's allegations in the light most favorable to the plaintiff.  *See, e.g., Thulin v. Shopko Stores Operating Co.*, 771 F.3d 994, 997 (7th Cir. 2014).

**Facts**

The facts as set out in this section are taken from Ms. Gonzalzles's complaint. Ms. Gonzalzles is a disabled, African American woman who worked for Ferrara for many years before being terminated on December 11, 2020.  She began working in the research and development department and received positive performance reviews, was positively recognized for her efforts, worked to improve and develop different aspects of the business, was repeatedly promoted, and ultimately worked as an InTech Food Scientist from August 2019 until her termination.

Beginning in 2017, Ms. Gonzalzles suffered from life-changing events which caused her physical and mental ailments and impacted her children.  These events necessitated leave from her employment so she could address her medical conditions and the needs of her children.  During the final three years or so of her employment at Ferrara, Ms. Gonzalzles says, she experienced discriminatory treatment, including inability to take leave, unequal opportunities as compared to coworkers, exclusion from trainings, inappropriate discipline, placement on a performance improvement plan (PIP), and ultimately termination on December 11, 2020.  Ms. Gonzalzles alleges that she was singled out on the basis of her race and her disability.  Prior to the filing of her complaint on August 1, 2023, Ms. Gonzalzles filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on July 30, 2021.

**Discussion**

**1.     Counts 1 and 2**

In Counts 1 and 2 of her complaint, Ms. Gonzalzles alleges interference with her rights and retaliation under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601.  Compl. ¶¶ 38–64.  Under the FMLA, a plaintiff generally must bring an action no later than two years after a violation occurs.  29 U.S.C. § 2617(c)(1).  For a willful violation, however, a plaintiff may bring an action within three years of the violation.  *Id.* § 2617(c)(2).  Ms. Gonzalzles alleges a willful violation of the FMLA by Ferrara, making the relevant statute of limitations period three years.  Compl. ¶ 51.

Ferrara has moved to dismiss all claims in Counts 1 and 2 that relate to acts occurring outside the three-year statute of limitations period, in other words, on any date prior to August 1, 2020.  Ferrara argues that each denial of leave or failure to notify a plaintiff of FMLA rights gives rise to a separate cause of action under the FMLA, thus making untimely any claims arising from the allegations predating August 1, 2020.  *See Barrett v. Ill. Dept. of Corrs.*, 803 F.3d 893, 897 (7th Cir. 2015).

In response, Ms. Gonzalzles correctly points out that piecemeal dismissals are inappropriate.  *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief.").  Although, as Ferrara argues, *BBL* involved a motion for judgment on the pleadings, the Seventh Circuit's decision in that case also specifically states, as just quoted, that Rule "doesn't permit piecemeal dismissals of parts of claims."  *Id.*  Ferrara cites two district court decisions that dismiss

parts of a single count as untimely, *see Cobbins v. Jewel-Osco*, No. 16 C 11400, 2017 WL 3478807 (N.D. Ill. 2017); *Sanchez v. Tootsie Roll Indus., LLC*, No. 19 C 4527, 2021 WL 4936240 (N.D. Ill. 2021), but those decisions are not binding on this Court, and they do not address *BBL*. For these reasons, the Court denies Ferrara's motion to dismiss regarding Counts 1 and 2.

Dismissal of Counts 1 and 2 is also inappropriate because a plaintiff is not expected to anticipate or "plead around" affirmative defenses like the statute of limitations. *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). Thus the fact that Ms. Gonzalzles's complaint does not affirmatively establish the timeliness of her FMLA claims is immaterial. Ferrara notes an exception to this principle when the complaint contains "everything necessary to satisfy the affirmative defense." Def.'s Mot. to Dismiss at 4; *see United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). But dismissal is appropriate in that situation only when the complaint unambiguously establishes all elements of the defense, *Hyson USA, Inc.*, 821 F.3d at 939, and here the timeline of the FMLA violations is not entirely clear from the complaint. In addition, the two cases Ferrara cites involving untimely claims of FMLA violations, *Barrett*, 803 F.3d at 893, and *Sampra v. U.S. Dep't. of Transp.*, 888 F.3d 330 (7th Cir. 2018), involved motions for summary judgment, on which a different standard applies.

For these reasons, the Court denies Ferrara's motion to dismiss as to Counts 1 and 2.

## 2.    Counts 5 and 6

In Counts 5 and 6 of her complaint, Ms. Gonzalzles alleges discrimination on the basis of race in violation of the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-102, and

Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-2(a). Compl. ¶¶ 90–109. These allegations are based on a number of events occurring throughout Ms. Gonzalzles's tenure at Ferrara. Both the IHRA and Title VII require a plaintiff, before filing suit in court, to file an administrative charge with the relevant administrative agency, within 300 days of the claimed violation. 775 ILCS 5/7A-102; 42 U.S.C. § 2000e-5(e)(1). Ms. Gonzalzles filed her Charge of Discrimination with the EEOC on July 30, 2021.

Ferrara has moved to dismiss all claims in Counts 5 and 6 that relate to adverse employment action occurring before October 3, 2020, 300 days before Ms. Gonzalzles filed her administrative charge. Ferrara argues that a discriminatory employment practice is a discrete act, and that the limitations period begins at the time of the unlawful employment practice. *See, e.g., Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 837 (7th Cir. 2008); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 240 (7th Cir. 2004).

As with Counts 1 and 2, Ferrara seeks to dismiss only the allegedly untimely parts of the claims in Counts 5 and 6. As noted earlier, controlling caselaw precludes this. *See BBL, Inc.*, 809 F.3d at 325.

That aside, Ms. Gonzalzles argues that any supposedly untimely allegations are a part of an ongoing pattern of mistreatment and further serve to support her argument of Ferrara's discriminatory animus. This argument is supported by the continuing violation doctrine, which allows a plaintiff to recover under Title VII for untimely conduct that is "part of a single, ongoing unlawful employment practice if at least one related act occurs during the limitations period." *Barrett*, 803 F.3d at 898. This doctrine is also

recognized under Illinois law, making its application to Ms. Gonzalzles's IHRA claim appropriate. *See Bianca v. Univ. of Illinois*, 513 F. Supp. 3d 983, 992 (N.D. Ill. 2021).

In the federal employment law context, the Supreme Court has limited the application of the continuing violation doctrine to claims involving a hostile work environment. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). Ms. Gonzalzles argues in her response to Ferrara's motion that this is such a case. Though the complaint does not say "hostile work environment" in so many words, Ms. Gonzalzles's argument is consistent with the facts as alleged in her complaint. A plaintiff may elaborate on a complaint's allegations in response to a motion to dismiss if the elaborations are consistent with the complaint, as is the case here. *See Williams v. United States*, No. 22-3121, 2023 WL 5201740, at *2 (7th Cir. 2023) (citing *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 555 (7th Cir. 2012)). As such, the factual allegations in Ms. Gonzalzles's claims qualify as a continuing violation, at least for pleading purposes. These claims likely implicate a type of continuing violation recognized by the Seventh Circuit, "where discrete acts of discrimination are part of an ongoing pattern and at least one of said acts occurred within the relevant limitations period." *Tinner v. United Ins. Co. of Am.*, 308 F.3d 697 (7th Cir. 2002).

Ferrara argues that an unlawful employment practice that continues to impact an employee "does not breathe new life into the employee's claim." Def.'s Mot. Dismiss at 7; *see Stepney*, 392 F.3d at 837. However, the case Ferrara cites for this point denied application of the continuing violation doctrine where the plaintiff contended only that the defendant's failure to remedy constituted a continuing violation. *See Stepney*, 392 F.3d.

6

at 239–40.  That is not the case here.  Ms. Gonzalzles's contention cites ongoing and repeated acts of mistreatment that she contends resulted in a hostile work environment.

Finally, Ferrara raises concerns over the uncertainty of the scope of recovery Ms. Gonzalzles seeks under Counts 5 and 6.  This issue is better addressed at a later stage of the proceedings.  *See BBL, Inc.*, 809 F.3d at 325 ("At the summary-judgement stage, the court can properly narrow the individual *factual* issues for trial by identifying the material disputes of fact that continue to exist.").

### 3.    Counts 8 and 9

In Counts 8 and 9 of her complaint, Ms. Gonzalzles alleges violations under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112, and the IHRA, 775 ILCS 5/1-102.  *See* Compl. ¶¶ 120–141.  These claims are based on a series of events relating to Ms. Gonzalzles's disability and its bearing on her work and treatment at work.

Ferrara moves to dismiss the portions of Counts 8 and 9 involving claims of failure to accommodate and failure to engage in an interactive process, arguing Ms. Gonzalzles failed to exhaust her administrative remedies with respect to any such claims.  Ferrara argues that these claims are distinct theories of recovery compared to the claims of disparate treatment.  *See Sieberns v. Wal-Mart Stores, Inc.*, 125 F.3d 1019 (7th Cir. 1997).  Again, however, piecemeal dismissal of a portion of a claim (as opposed to an entire claim) is inappropriate, as the Court has discussed.

That aside, the Seventh Circuit does not require the plaintiff to expressly state "failure to accommodate" in the EEOC charge document to satisfy the exhaustion requirement.  *See Rowlands v. United Parcel Serv.–Fort Wayne*, 901 F.3d 792, 798 (7th Cir. 2018).  The test for determining whether a claim is within the scope of the plaintiff's

administrative charge is whether the claims made in the complaint are reasonably related to the claims made in the administrative charge document, which requires "a factual relationship between them." *Whitaker v. Milwaukee County*, 772 F.3d 802, 812 (7th Cir. 2014).

Ferrara correctly notes that the Seventh Circuit recognizes failure to accommodate and discriminatory treatment claims as distinct for this purpose. *Id.* at 813 ("[O]ne cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability."). But the Seventh Circuit has also found that a failure to accommodate claim is not subject to dismissal for failure to exhaust when the facts in the EEOC charge are adequate to describe a failure to accommodate claim. *See Rowlands*, 901 F.3d at 800. (The Court also notes that the form charging document does not have separate check-offs for ADA claims based on discrimination as opposed to failure to accommodate; there is just one check-off for disability discrimination.) To establish a failure to accommodate claim, the plaintiff must show that: "(1) [she] was a qualified individual with a disability; (2) the [employer] was aware of the disability; and (3) the employer failed to reasonably accommodate the disability." *EEOC v. AutoZone, Inc.*, 809 F.3d 916 (7th Cir. 2016); *see Rowlands*, 901 F.3d at 792. Ms. Gonzalzles's EEOC charge includes all of this. She checked off the 'DISABILITY' box under the 'CAUSE OF DISCRIMINATION BASED ON' section of the form, and she further alleged that she has a disability, suffered panic attacks during work calls for which she was treated, was then placed on a PIP and was told she would be terminated if she did not accept this, Ferrara continuously presented obstacles that she could not overcome, and she was terminated

8

partly due to her disability.  *See* Compl., Ex. A.  The statements regarding the PIP and "continuous obstacles" are sufficient to cover a theory of liability based on failure to accommodate.  The Court therefore overrules the Ferrara's exhaustion defense.

### Conclusion

For the reasons stated above, the Court denies Ferrara's partial motion to dismiss [dkt. no. 9].

Date:  February 15, 2024

_____
MATTHEW F. KENNELLY
United States District Judge